IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **Thomas R. McLean** | Plaintiff | ) |
| | | ) |
| v. | | ) Case No. 4:20-CV-593-BP |
| | | ) |
| **Jeffrey W. Bruce** | Defendant | ) |

### DEFENDANT'S PROPOSED SCHEDULING ORDER

Defendant Jeffrey W. Bruce proposes the following items for inclusion in the Court's scheduling order. Defendant notes that Plaintiff's Proposed Scheduling Order did not comply with the format set forth in the Court's Order dated 10/29/2020 (ECF Doc. # 23). For ease of tracking Defendant's different proposals, Defendant will reply to the format in Plaintiff's submission.

1. Discovery completed by:

Defendant has no objection per se to Plaintiff's proposed date (July 1, 2022).

2. Dispositive motions by:

Defendant has no objection per se to Plaintiff's proposed date (October 1, 2022).

3. Add parties by: July 1, 2021

Plaintiff's proposed date (October 1, 2022) is after the close of discovery and is unworkable as such.

4. Amend pleadings by: July 1, 2021

Plaintiff's proposed date (October 1, 2022) is after the close of discovery and is unworkable as such.

5. Designate expert witnesses by: Plaintiff – November 1, 2021 and
   Defendant – March 1, 2022

1

Plaintiff's proposed date (June 1, 2022) is one month before the close of discovery and is unworkable as such.

6. Trial Date: After April 2023

Plaintiff's proposed date (January 2023) is only three months after the filing of dispositive motions and is unworkable as such. Given the substantial amount of anticipated evidence, Defendant requests additional time for his suggestions in opposition.

    a. Estimated Trial Length: 10-15 court days

    b. Jury trial requested by both parties, although Defendant would consider waiving a jury trial and opting for a bench trial

7. ESI

No additions/changes

8. Protective Order:

    a. Defendant objects to Plaintiff's request for a Protective Order. Such an Order is beyond the Court's authority and jurisdiction as Plaintiff has shown no factual or legal basis for such an extraordinary limitation on Defendant's property rights. Moreover, Plaintiff has no factual or legal basis for requesting such an Order as to a non-party. Defendant is presently unemployed (and likely unemployable given his health issues) and has monthly living expenses which must be paid, in addition to tax liabilities to the IRS and MDOR.

2

Case 4:20-cv-00593-BP   Document 60   Filed 04/09/21   Page 2 of 4

b. Defendant requests a teleconference with the Court and a protective order to address the issue of Plaintiff's continuing personal, slanderous and irrelevant attacks against Defendant in his pleadings based on false assumptions and speculation and conjecture. Defendant has not previously challenged such unprofessional conduct, but enough is enough. Defendant has attempted to confer by telephone with Plaintiff but Plaintiff refuses to do so even when Defendant is not in a position to respond in writing. Plaintiff's purpose seems to be a strategic repeated effort to taint the Court's perception of Defendant. Defendant will be filing a motion for sanctions against Plaintiff on the next occurrence of this conduct.

c. Defendant requests additional time to exchange his Rule 26 Initial Disclosures. Defendant's case file is quite substantial and will take longer to process than a normal case. In addition, Defendant is without office assistance at this time.

Respectfully submitted

/s/ Jeffrey W. Bruce
Jeffrey W. Bruce (MO # 32857)
2103 E. 195th St.
P.O. Box 797
Belton, Missouri 64012-0797
FAX 816-322-7400 (call first)
MOBILE 816-914-7077
E-mail bruce.law@att.net

DEFENDANT

## Certificate of Service

I hereby certify that this pleading was served on all parties by electronic notification pursuant to the Court's ECF rules.

Dated 04/09/2021 /s/ Jeffrey W. Bruce  JWB