UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF MISSOURI

THOMAS R. McLEAN, MD

       Plaintiff,

v.

JEFFREY W. BRUCE,

       Defendant.

CASE NO.: 4:20-CV-593-BP
JUDGE: BETH PHILLIPS

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW defendant Jeffrey Bruce, by and through his attorneys of record, and for his Answer to Plaintiff's First Amended Complaint, alleges and states as follows:

1. Defendant is without sufficient information to admit or deny the allegations of fact and conclusions of law contained in Paragraph 1.

2. Defendant admits that Jeffrey W. Bruce is an individual but denies each and every other allegation of fact and conclusion of law contained in Paragraph 2 of Plaintiff's First Amended Complaint.

## JURISDICTION

3. Defendant admits that this Court has jurisdiction pursuant to 28. U.S.C. § 1332 and that the parties are diverse with more than $75,000 in controversy. Defendant denies all other allegations of fact and conclusions of law set forth in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant admits that this Court has personal jurisdiction over the Defendant because he resides within the district but denies all other allegations of fact and conclusions of law contained within Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant admits that venue is proper in this Judicial District because Defendant resides in this district, but Defendant denies all other allegations of fact and conclusions of law contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant admits that he is subject to this Court's jurisdiction but denies all other allegations of fact and conclusions of law set forth in Paragraph 6 of Plaintiff's First Amended Complaint.

## **FACTS**

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendant is without sufficient information to admit or deny the allegations of fact and conclusions of law contained in Paragraph 8 of Plaintiff's First Amended Complaint and therefore, denies same.

9. Defendant admits that Plaintiff was suspended in May of 2012 and ultimately terminated from the Department of Veteran's Affairs during the final quarter of 2014, but denies all other allegations of fact and conclusions of law set forth in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant admits that Plaintiff inquired about the statute of limitations for filing with the OSC, but denies all other allegations of fact and conclusions of law set forth in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant is without sufficient information to admit or deny the allegations of fact and conclusions of law contained in Paragraph 13 of Plaintiff's First Amended Complaint and therefore, denies same.

14. Defendant is without sufficient information to admit or deny the allegations of fact and conclusions of law contained in Paragraph 14 of Plaintiff's First Amended Complaint and therefore, denies same.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant is without sufficient information to admit or deny the allegations of fact and conclusions of law contained in Paragraph 16 of Plaintiff's First Amended Complaint and therefore, denies same.

17. Defendant is without sufficient information to admit or deny the allegations of fact and conclusions of law contained in Paragraph 17 of Plaintiff's First Amended Complaint and therefore, denies same.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

**Count I: Professional Negligence for Failing to File with the Office of Special Counsel**

20. Defendant denies the allegations contained in Paragraph 20 of Count I of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Count I of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Count I of Plaintiff's First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Count I of Plaintiff's First Amended Complaint.

**Count II: Professional Negligence for Failing to File with the Merit Standard Protection Board**

24. Defendant denies the allegations contained in Paragraph 24 of Count II of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Count II of Plaintiff's First Amended Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of Count II of Plaintiff's First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Count II of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Count II of Plaintiff's First Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Count II of Plaintiff's First Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Count II of Plaintiff's First Amended Complaint.

**Count III: Breach of Contract**

31. This Paragraph sets forth a legal conclusion for which no response is required. However, to the extent that a response is required, Defendant denies the allegations of Paragraph 31 of Count III of Plaintiff's First Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Count III of Plaintiff's First Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Count III of Plaintiff's First Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Count III of Plaintiff's First Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Count III of Plaintiff's First Amended Complaint.

## Count IV: Intentional Infliction of Emotional Distress

36. This Paragraph sets forth a legal conclusion for which no response is required. However, to the extent that a response is required, Defendant denies the allegations of Paragraph 36 of Count IV of Plaintiff's First Amended Complaint.

37. This Paragraph sets forth a legal conclusion for which no response is required. However, to the extent that a response is required, Defendant denies the allegations of Paragraph 37 of Count IV of Plaintiff's First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Count IV of Plaintiff's First Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Count IV of Plaintiff's First Amended Complaint.

## Count V: Defamation

40. This Paragraphs sets forth a legal conclusion for which no response is required. However, to the extent that a response is required, Defendant denies the allegations of Paragraph 40 of Count V of Plaintiff's First Amended Complaint.

41. Defendant admits that statements were made in what is referenced as ECF, filing number 55, but denies all other allegations of fact and conclusions of law set forth in Paragraph 41 of Count V of Plaintiff's First Amended Complaint.

42. Defendant admits that statements were made in what is referenced as ECF, filing number 60, but denies all other allegations of fact and conclusions of law set forth in Paragraph 42 of Count V of Plaintiff's First Amended Complaint.

43. Defendant admits that statements were made in what is referenced as ECF, filing number 75 at page I, but denies all other allegations of fact and conclusions of law set forth in Paragraph 43 of Count V of Plaintiff's First Amended Complaint.

44. Defendant admits that statements were made in what is referenced as ECF, filing number 75 at page 2, but denies all other allegations of fact and conclusions of law set forth in Paragraph 44 of Count V of Plaintiff's First Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Count V of Plaintiff's First Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Count V of Plaintiff's First Amended Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Count V of Plaintiff's First Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Count V of Plaintiff's First Amended Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Count V of Plaintiff's First Amended Complaint.

## Damages

50. Defendant denies the allegations of fact and conclusions of law set forth in Paragraph 50 of Plaintiff's First Amended Complaint, such to include sub-parts "a-d".

51. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

52. Plaintiff's claim for defamation is barred by the doctrine of judicial proceedings immunity.

53. Plaintiff has failed to mitigate his damages by failing to take reasonable steps to avoid the injuries and harm he alleges in his First Amended Complaint.

54. If Plaintiff has been, or is damaged, which is denied, such damage was caused or contributed to be caused by the negligent conduct of Plaintiff, as set forth in Plaintiff's First Amended Complaint, which negligence and conduct bars Plaintiff's recovery herein.

55. The Plaintiff's claims in the First Amended Complaint are barred by the doctrine of "unclean hands".

56. If Plaintiff sustained damages alleged, which is denied, then such damage was caused by an act of omission or co-mission on the part of one or more persons over whom Defendant has no control, right to control or duty to control.

57. Plaintiff's First Amended Complaint fails to allege sufficient facts to state a claim for punitive damages.

58. Plaintiff's claim for punitive damages is unconstitutional, in that an award of punitive damages would constitute a deprivation of property, thus violating the Due Process Claus of the Fourteenth Amendment to the United States Constitution. Such an award would similarly violate Article 1, Section 10, and the Due Process Clause, of the Missouri Constitution. An award

of punitive damages would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and would further violate Article 1, Section 2 of the Missouri Constitution. An award of punitive damages would violate the United States Constitution and the Missouri Constitution to the extent it may allow an imposition of unlimited punitive damages without consideration of alleged actual or compensatory damages. Furthermore, the absence of objective standards for the application of such damages renders any such award unconstitutional.

59. Defendant states that in the event of adjudication of the issues in this cause whereby either one of these Defendants is held liable to Plaintiff for punitive damages, this Defendant provides notice to the Court and all parties that they intend to invoke the provisions of R.S.Mo. § 510.265, which provide in part that no award of punitive damages against a Defendant shall exceed the greater of $500,000.00 or five times the net amount of the judgment awarded to Plaintiff against that Defendant.

60. Defendant respectfully reserves the right to amend his Answer and add such additional affirmative defenses as are revealed by discovery and investigation.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Jeffrey W. Bruce, respectfully prays that this matter be dismissed, for his cost and expenses herein incurred, and for such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

COMES NOW, defendant, by and through his attorney, and hereby makes a demand for jury trial on all issues so triable.

8

Case 4:20-cv-00593-BP   Document 123   Filed 08/12/21   Page 8 of 10

*Respectfully submitted,*

**McCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Daphne R. Halderman*
Michael E. McCausland MO #29950
Daphne Halderman MO #33971
9233 Ward Parkway, Suite 270
Kansas City, MO 64114
(816) 523-3000 / (816) 523-1588 (fax)
mmccausland@mbblawfirmkc.com
dhalderman@mbblawfirmkc.com
COUNSEL FOR DEFENDANT

## *Certificate of Service*

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**None**

and I hereby certify that I have emailed the document to the following non-CM/ECF participants:

Thomas R. McLean, MD
4970 Park
Shawnee, KS 66216
913-525-5526
tmcllc1999@gmail.com
**PRO SE PLAINTIFF**

*/s/Daphne R. Halderman*
Daphne R. Halderman
For the Firm