IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS R. McLEAN, M.D. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-0593-CV-W-BP |
| ) | |
| JEFFREY W. BRUCE, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER (1) DENYING MOTION TO EXTEND STAY, (2) LIFTING STAY AND (3) EXTENDING DEADLINE FOR RESPONDING TO MOTION TO STRIKE

This case was filed in July 2020, Defendant Jeffrey Bruce was served in September 2020, (Doc. 16), and since then the case has experienced numerous delays and extensions, most of which have been at Bruce's insistence. Now pending is Bruce's Motion to Extend Stay, (Doc. 192). The Court discerns no need to wait for a response from Plaintiff; Bruce's motion is **DENIED**.

Bruce – who has effectively been the only Defendant – is (or was) a practicing attorney, and the claims against him are for legal malpractice and breach of contract. In June 2021, Plaintiff (who is also representing himself) filed an Amended Complaint that added claims for intentional infliction of emotional distress and defamation. (Doc. 92.) With the addition of these new claims, Bruce sought coverage and a defense from State Farm, which had issued Bruce a personal umbrella policy. Counsel entered an appearance on Bruce's behalf, (Doc. 118), and filed a motion to dismiss the two new counts, (Doc. 133), which was granted on October 13, 2021, (Doc. 150), thus leaving the same claims that existed before Plaintiff amended his pleading in June 2021 (and the same claims that existed before Bruce tendered his defense to State Farm).

In February 2022, State Farm advised Bruce that it did not believe there was coverage for the malpractice and breach of contract claims and offered to defend Bruce under a reservation of

rights; Bruce declined this offer in March 2022. (Doc. 181-1.) Immediately thereafter the attorney's sought leave to withdraw, (Doc. 181), and requested (as directed by Bruce) a ninety day stay of proceedings so that Bruce could find new counsel, (Doc. 180).

On March 22, 2022, the Court issued an Order that granted the motion for leave to withdraw, directed that the Docket Sheet be amended to again reflect that Bruce was representing himself, and granted the motion for a stay in part. With respect to the stay, the Court stated: "Bruce has known since March 4 (and possibly since February 17) that he would be needing new counsel. (Doc. 181-1.)[1] Under these circumstances, and given the history of this case, a stay until June is excessive. The case is stayed through and including April 22, 2022; the stay will expire automatically unless it is extended by the Court." (Doc. 190, p. 1.) The order also

Just before midnight on April 21 – the day before the stay was to expire on its own terms – Bruce filed a Motion to Extend Stay. He represents that he has been looking for attorneys to represent him since February 2022, he is defending a declaratory judgment action filed by State Farm, and he is negotiating with State Farm over the matter. While he asserts that he "is not at liberty to disclose the details of those . . . communications" he hopes that State Farm will return to the case to defend him. Accordingly, he requests that the stay be extended another sixty days.

The Court is not inclined to further delay this case so that Bruce can secure legal representation. Bruce (who, again, is an attorney) defended the malpractice and contract claims for nearly a year, and the only claims remaining are those same malpractice and contract claims. Bruce has had more than enough time to retain counsel to represent him (or seek representation from State Farm) on these claims. The Court appreciates Bruce's representation that he will not

---

[1] While the Court indicated that Bruce "possibly" knew as early as February, information that has been subsequently provided to the Court confirms this to be a fact.

2

Case 4:20-cv-00593-BP   Document 193   Filed 04/22/22   Page 2 of 3

file any more motions to extend deadlines, (Doc. 192, p. 2); however, the Court adheres to the belief that a stay until June is excessive.

Accordingly, the Motion to Extend Stay, (Doc. 192), is denied, and the stay is lifted. However, the Court will extend the deadline for responding to the remaining portion of the Motion to Strike; Defendant shall respond to Plaintiff's Motion to Strike to the extent that it seeks to strike Defendant as an expert witness on or before May 6, 2022.

**IT IS SO ORDERED.**

DATE: April 22, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT