IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS R. McLEAN, M.D. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 20-0593-CV-W-BP |
| | ) |
| JEFFREY W. BRUCE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER (1) GRANTING MOTION TO STAY AND (2) DENYING MOTION FOR SUBSTITUTED SERVICE

On May 24, 2022, Plaintiff Thomas McLean ("McLean") filed a Suggestion of Death, indicating that that the only remaining Defendant, Jeffrey Bruce ("Bruce") passed away. (Doc. 202.) McLean also filed (1) a Motion to Stay and (2) a Motion for Substituted Service; the latter motion asks the Court to issue a writ to Bruce's widow and adult children ordering them to appear as defendants in this case, thereby effectively substituting them as defendants. The Motion to Stay, (Doc. 203), is **GRANTED** and the Motion for Substituted Service, (Doc. 204), is **DENIED**.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

McLean correctly observes that his claims against Bruce are not extinguished by Bruce's death. *See* MO REV. STAT. § 431.130 (contract claims); MO REV. STAT. § 537.020 (tort claims). Thus, the Court may order substitution of the proper party or parties, and the Court will stay the case (for the 90 days permitted by Rule 25(a)(1)) to permit either McLean or Bruce's representative to seek leave to join the proper party.

However, the Court rejects McLean's suggestion that Bruce's widow and adult children should be substituted. "Rule 25(a) is a procedural rule setting forth the proper method for the substitution of parties [but] state law governs *who* can be a 'representative' or 'successor,' and therefore, who can qualify as a proper party for substitution under Rule 25(a)(1)." *In re Baycol Products Litig.*, 616 F.3d 778, 785 (8th Cir. 2010). Missouri law provides that the personal representative of Bruce's estate should be substituted as the defendant; however, it is a Missouri Probate Court, and not this Court, that must appoint the personal representative. Mo. Rev. Stat. § 537.021.1(2).

McLean's motion assumes that Bruce's widow and children will be appointed as personal representatives, but this has not happened. As he observes, there is no personal representative because Bruce passed away very recently and there has been no time for a proceeding to be initiated in Probate Court. These facts do not justify guessing who the personal representative will be and substituting a defendant prematurely; instead, these facts justify the stay the Court has entered so that an estate can be opened in the manner set forth in Chapter 473 of the Revised Missouri Statutes.

Accordingly, the Motion to Stay, (Doc. 203), is **GRANTED** and the case is stayed for ninety days pursuant to Rule 25(a)(1). The Motion for Substituted Service, (Doc. 204), is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: May 25, 2022   UNITED STATES DISTRICT COURT