UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF MISSOURI

Thomas R. McLean, MD )
)
           Plaintiff, )
)
v. )
) Civil Action No. #4:20-CV-593-BP
Margaret Bruce, as the Personal )
Representative for the Estate of Jeffrey Bruce, )
)
           Defendant. )

## PLAINTIFF'S MEMORANDUM ON THE LAW CONCERNING COUNT III OF THE AMENDED COMPLAINT

COMES NOW Thomas R McLean, MD, as the *per se* Plaintiff, to file this Memorandum of the Law in support of his Motion on Summary Judgment on the liability issues in Count III of the Amended Complaint. Based on the incontrovertible facts (being filed concurrently), Dr. McLean is entitled to Summary Judgment (SJ) on the liability issues associated with Count III of the Amended Complaint.

### Count 3

1. In Missouri, an oral contract is enforceable if the plaintiff can prove that there was an offer, acceptance, and consideration.[1] Consideration "may consist of some right, interest, profit, or benefit accruing to one party, or some forbearance, loss, or responsibility given, suffered, or undertaken by the other party." *Ark.-Mo. Forest Products v. Lerner*, 486 SW 3d 438, 451 (MO APP 2016). "Consideration exists where there is a detriment to the promisee or a benefit to the promisor." *Kells v. Missouri Mountain Properties*, 247 SW 3d 79, 84 (MO APP 2008). "Detriment to a promisee may consist of doing anything he is not legally bound to do or by refraining from doing anything he has a right to do." *Earl v. St. Louis University*, 875 SW 2d 234, 236 (MO APP 1994). "Consideration may be found

---

[1] *Heritage Roofing, LLC v. Fischer*, 164 SW 3d 128, 133 (Mo. App. 2005) citing *Helmtec Industries v. Motorcycle Stuff*, 857 S.W.2d 334, 336 (Mo. App. 1993).

if a promisee in reliance on a new promise changes his or her position." *Ark.-MO. Forest Products*, 486 SW 3d at 451. The bottom line in Missouri is that "[i]f the parties have concluded a transaction in which it appears that they intend to make a contract, the court should not frustrate their intention if it is possible to reach a fair and just result, even though this requires a choice among conflicting meanings and the filling of some gaps that the parties have left." [1] Id. at 449-50 *citing* CORBIN ON CONTRACTS (1963) § 95 at 400.

    a. I made the Defendant an offer on or about December 2014 to file a complaint with the Office of Special Counsel ("OSC") on my behalf. Because the Defendant is no longer capable of making a declaration, Dr. McLean's declaration is uncontroverted.

    b. Mr. Bruce manifested his acceptance of this contract by cashing Dr. McLean's $50,000 retainer check (Exhibit 1) in March of 2015; and later cashing a second retainer check for $10,000.00 in February 2016 (Exhibit 3).

    c. Consideration:

        i. The Defendant was not legal obligated to keep Dr. McLean on as a client after the 2014 DAB hearing. In fact, litigants often have to hire a new attorney when an appeal to a higher tribunal is taken.

        ii. The Defendant received $60,000 from Dr. McLean to file a complaint with the OSC.

        iii. Dr. McLean valued the Defendant's triumph during the 2013 Disciplinary Advisor Board hearing. Keeping such experienced on his legal time was deemed valuable at the time of contract formation.

        iv. McLean found the Defendant's repeated promises to file a timely appeal with OSC (Exhibit 2) to be valuable consideration as it induced Dr. McLean to retain the Defendant from 2014 to 2020; and he forbear hiring another attorney until 2020.

        v. Because of Dr. McLean's forbearance the Defendant's may personal issues, the OSC declined to review Dr. McLean's claim based on latches thereby depriving Dr. McLean of the value of an OSC investigation into the Department of Veterans Affairs' wrongdoing.

vi. Accordingly, Dr. McLean has demonstrated that the "parties have concluded a transaction in which it appears that they intend to make a contract," so this Court "should not frustrate their intention."[2]
2. Based on the above, an oral contract existed between the parties. The Defendant's text messages (Exhibit 2) and his response to the Plaintiff's First Request for Interrogatories (Exhibit 7) demonstrate that filing a claim with the OSC was definitely within the scope of this contract.
3. An action for breach of contract requires a plaintiff to demonstrate: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.,* 304 S.W.3d 98, 104 (Mo. banc 2010).
    a. The existence of a contract between the parties was demonstrated *supra* in ¶1.
    b. Dr. McLean performed on this contract by paying Mr. Bruce $50,000 in 2015 and $10,000 in 2016. Exhibits 1 and Exhibit 3 respectfully.
    c. The Defendant admitted to breaching the contract by never filing a claim with the OSC. Exhibit 7.
    d. After a breach of contract, the aggrieved party is entitled to incidental and consequential damages. RESTATEMENT (SECOND) OF CONTRACTS DAMAGES §347. "Incidental losses include costs incurred in a reasonable effort, whether successful or not, to avoid loss." Id. at "Comments: c. Other Loss." A breaching party is liable for those consequences that were reasonably foreseeable at the time the parties entered into the contract. *Birdsong v. Bydalek,* 953 S.W.2d 103, 116 (MO APP 1997).
        i. Dr. McLean filed a complaint with the OSC to mitigated the damages he suffered by the Defendant's failure to file. Accordingly, Dr. McLean is entitled to incidental damages on the parties' oral contract that included (but not limited to) all expenses, including attorney's fees, that were incurred in filing a complaint with the OSC/MSPB.
        ii. At the time of contract formation, any licensed retained attorney can foresee that if he or she fails to file a claim on his client's behalf that the aggrieved client would file a professional negligence and breach of contract action against the Attorney. That is precisely what happen in this case. Accordingly,

---

[2] Id.

Dr. McLean is entitled to consequential damages on the parties' oral contract that include (but not limited to) all expenses, including attorney's fees, that were incurred in filing this case.

WHERETOFORE, the Plaintiff has demonstrated that the incontrovertible facts in this case demonstrate that the Defendant is liable for his breach of contract in Count III, Dr. McLean respectfully requests the Court to grant him Summary Judgment on Count 3.

### Declaration

I declare under penalty of perjury of the laws of the United States, 28 U.S.C. § 1746, that the forgoing statement a true to the best of knowledge and belief.

### Certificate of Service

I hereby certify that this pleading was served upon Mr. Meyers via his email.

Respectfully submitted August 3, 2023, by: _____

Thomas R. McLean, Plaintiff *pro se*
4970 Park
Shawnee, KS, 66216
913-525-5526
tmcllc1999@gmail.com