UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Thomas R. McLean, MD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Margaret Bruce, as the Personal )<br>Representative for the Estate of Jeffrey Bruce, )<br>)<br>Defendant. ) | Civil Action No. #4:20-CV-593-BP |

**PLAINTIFF'S MOTION FOR RECONSIDERATION TO RESCHEDULE THE TRIAL**

COMES NOW Thomas R McLean, MD, as the *per se* Plaintiff, to respectfully request the Court to reconsider of its Order of February 13, 2024. ECF 308. For the reasons discussed below, the Plaintiff believes reconsideration is appropriate because –due to the Plaintiff failed to fully articulate his thought process- the Court made a faulty assumption in issuing ECF 308.

1. In issuing ECF 308, the Court stated that it does not believe that the Plaintiff can prevail on Count I (Mr. Bruce's professional negligence) even if the Plaintiff prevails before the Department of Veterans Affairs (VA) in *McLean v Department of Veterans Affairs*, DE-1221-21-0002-W-2 (Denver MSPP). Specifically, the Court does not believe that the Plaintiff can demonstrate that his recovery from the VA will be diminished by Mr. Bruce's failure to file a timely complaint with the Office of Special Council (OSC) and the Denver MSPB.

2. The Plaintiff's monetary recovery before the Denver MSPP is controlled be THE BACK PAY Act, 5 U.S.C. §5596 (BPA).

3. An employee of the federal government is entitled to reinstatement after his or her removal is found to be wrongful.[1]

---

[1] US Merit Systems Protection Board: Merit System Principle 9: Whistleblower Protection. Msbp.gov/msp/msp9.htm

4. Under the BPA, an employee who is wrongfully remove from an agency is entitled to receive compensate for period of time from his wrongful termination until the time of reinstatement. §5596 (1)(A)(i).
5. The Plaintiff was removed from the VA in 2014.
6. If Mr. Bruce had filed a timely complaint (say prior to 2017), the Plaintiff would have had no difficulty recovering his back pay in full.
7. While the Plaintiff will concede that Mr. Bruce had some leeway with respect to filing a complaint with the OSC, Mr. Bruce's time to file was not unlimited. By statute, Mr. Bruce had no more than three years to file an appeal after his was removed from the VA.[2]
8. The Plaintiff's salary from the VA was in excess of $200,000.00 per year.
9. Assuming the Denver MSPP finds in favor of the Plaintiff this year, the VA will be liable for an additional seven year of back pay, (*i.e*., more than $1 million), that accrued after 2017 (*i.e*., that last point when Mr. Bruce should have filed a timely complaint).
10. The VA is not going to want to pay the Plaintiff $1 million in damages that could rightfully be assigned to Mr. Bruce for his negligence.[3]
11. Accordingly, the VA will seek to avoid paying the Plaintiff compensation for the years of 2017 to present by directly challenging the Agency's obligation to cover damages caused by Mr. Bruce; and by filing appeals to drag out the litigation.[4]
12. Given the Plaintiff's present age, his time to fight government appeals is limited. To avoid further litigation the Plaintiff will be forced to settle with VA for something less than his full damages; *i.e.* ten years of back pay.[5]
13. If the Plaintiff's case against the VA lacked merit, the Denver MSPB would not have spent eleven month (and perhaps more) drafting its opinion.
14. Appellants to a wrongful agency's termination prevail against an agency in MSPB proceedings in less than three percent of cases.[6]

---

[2] 5 USC 1214(a)(6)(A)(iii). In the way of full disclosure, the Plaintiff is unaware of any MSPP or court which has examined this statute.
[3] The Plaintiff has a good faith believe that he will have solid documentary evidence to support this point prior to the start of the scheduled trial on March 25, 2024. Additionally, the Plaintiff can easily prove this statement via the testimony of his expert legal witness Mr. Eric Pines. Because the Defendant has never identified a legal expert witness, Mr. Pines' testimony will be uncontroverted.
[4] Id.
[5] The Agency raised the issue of Mr. Bruce's failure to file already; and was overruled. MSPB record: DE220142W-1A DocNum 1914888.

15. Accordingly, it is the Plaintiff's good faith belief that the Denver MSPB has spent eleven months drafting its opinion because it is going to find in the Plaintiff's favor and does not wants its opinion overturned on appeal (which the VA will certainly do because of the money at issue).

WHERETOFORE, the Court is opinion in ECF 308 was based on an assumption, because the Plaintiff failed to alert the Court, the Plaintiff respectfully request that the Court reschedules the trial in this case until after May 1. 2024 so that it has the benefit of the Denver MSPB's ruling before it issues it opinion on the Plaintiff's Motion for Summary Judgment on the *liability issues*.

## Certificate of Service

I hereby certify that this pleading was served upon Mr. Meyers via his email.

Respectfully submitted February 15, 2024, by:

/es/ Thomas R. McLean, MD
_____
Thomas R. McLean, Plaintiff *pro se*
4970 Park
Shawnee, KS, 66216
913-525-5526, tmcllc1999@gmail.com

---

[6] Eric Katz" Feds Rarely Win before MSPB. Board says that is not a problem. Government Executive, May 16, 2019; govexec.com/management/2019/05feds-rarely-win-mspb-board-says-s-not-problem/157021/. During a recent three year period, MSPB ALJ only sided with the appellant in 3% of all cases filed. Id. Whistleblower cases are likely to have a lower success rate because of their complexity.